<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PFIZER, INC., et al.**, | : | |
| Plaintiffs, | : | |
| -vs- | : | Hon. Dennis M. Cavanaugh |
| **TEVA PHARMACEUTICALS USA, INC.**, | : | Civil Action No. 08-1331 (DMC) |
| Defendant. | : | |
| **PFIZER, INC., et al.**, | : | |
| Plaintiffs, | : | |
| -vs- | : | Hon. Dennis M. Cavanaugh |
| **IMPAX LABORATORIES, INC.**, | : | Civil Action No. 08-2137 (DMC) |
| Defendant. | : | |

**<u>FALK, U.S.M.J.</u>**

Before the Court is Plaintiffs' motion to redact the transcript of a judicial proceeding held before the Undersigned on March 10, 2010 [08-1331, CM/ECF No. 82; 08-2137, CM/ECF No. 47]. The primary issue presented is whether and to what extent Plaintiffs can redact and seal portions of the March 10th transcript when the proceeding itself was not sealed but rather conducted on the record in open court. If such after-the-fact redaction and sealing is permitted, the secondary question

is whether Plaintiffs have met the standards for sealing. For the reasons that follow, the Court finds that wholesale sealing of the transcript in this way is usually inappropriate. The motion will be **denied without prejudice**. The transcript will not be available for electronic remote access for 20 days to permit Plaintiffs an opportunity to file an application in accordance with this Opinion.

## INTRODUCTION

This is a patent infringement action brought by Plaintiffs Pfizer, Inc., Pharmacia & Upjohn Company LLC, and Pfizer Health AB (collectively "Pfizer") under the Hatch-Waxman Act. Pfizer is the owner of United States Patent No. 6,770,295 ("the '295 patent"). The '295 patent covers a pharmaceutical formulation technology that provides for the extended release of tolterodine to treat urinary incontinence. Pfizer manufactures its extended release tolterodine product under the brand name Detrol®LA. Teva Pharmaceuticals USA, Inc. ("Teva") filed an Abbreviated New Drug Application ("ANDA") with the U.S. Food & Drug Administration ("FDA") to market and sell a generic copy of Detrol®LA.[1]

On March 10, 2010, the Court conduced a hearing on the record to address a variety of scheduling, case management, and discovery issues. Among the issues discussed were the alleged commercial success of Detrol®LA; discovery relating to other "tolterodine-related compounds"; and the discoverability of various foreign patent applications. The proceeding was conducted in open court. No request to seal the proceeding or any aspect of it was made. Members of the public were free to enter the courtroom at any time.

On March 18, 2010, a transcript of the proceeding was placed on the Court's public docket.

---

[1] A related case between the same parties over the immediate release formulation of Pfizer's tolterodine product, Detrol®, was tried before Judge Cavanaugh in September 2009 with Pfizer prevailing.

Access to the transcript was restricted pursuant to the Policy on the Electronic Availability of Transcripts of Court Proceedings for the United States District Court for the District of New Jersey.[2]

On April 8, 2010, Plaintiffs filed the present motion to redact and seal portions of the March 10, 2010 transcript.

## DISCUSSION

### A.  Applicable Law

The right of public access to the courts is protected under the common law and the First Amendment to the United States Constitution. See Nixon v. Warner Commc'n, Inc., 435 U.S. 589, 597 (1978); In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). "[T]he public right of access . . . is inherent in the nature of our democratic form of government." Publicker v. Cohen, 733 F.2d 1059, 1069 (3d Cir. 1984). While the right of public access is not absolute, there must be a demonstration that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 1073; see also e.g., Littlejohn v. BIC Corp., 851 F.2d 673, 678-79 (3d Cir. 1988); Oregonian Publ'g Co. v. District Court, 920 F.2d 1482, 1465 (9th Cir. 1990) ("Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents.... This presumed right can be overcome only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" (quoting Press-Enterprise v. Superior Court, 464 U.S. 501, 510 (1984))).

In February 2005, the District of New Jersey enacted Local Civil Rule 5.3. This rule provides the framework for consideration of requests to seal judicial proceedings, requiring that the party seeking closure show: "(a) the nature of the materials or proceedings at issue, (b) the legitimate

---

[2] http://www.njd.uscourts.gov/cm-ecf/ETrans/NJDRedactNoticeAttorneys.pdf

private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). There is a presumption of public access that must be overcome by a showing of good cause. See L. Civ. R. 5.3(a)(4) ("Subject to this rule and to statute or other law, all . . . judicial proceedings are matters of public record and shall not be sealed."). Good cause exists only when a party shows that disclosure will result in "a clearly defined and serious injury . . . ." Pansy v. Boro. of Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994); see also Cipollone v. Liggett Group, 785 F.2d 1108, 1121 (3d Cir. 1986). The comments to the Rule incorporate the common law on the subject.

      **B.**      **The Electronic Transcript Policy**

Effective November 1, 2008, the District of New Jersey implemented its Policy on the Electronic Availability of Transcripts of Court Proceedings. See http://www.njd.uscourts.gov/cm-ecf/ETrans/NJDRedactNoticeAttorneys.pdf ("the Transcript Policy"). The Transcript Policy states that any transcript provided to the Court by a court reporter or transcribing agency will be available, for 90 days, at the Clerk's Office (for inspection only) and by electronic access to the parties and attorneys in the case. Id. Once the 90-day period has expired, the transcript will be available to "the general public through PACER." Id. The Policy is meant "to provide[] guidance for counsel and parties in requesting the redaction of *personal data identifiers* from a transcript" before the transcript becomes electronically available to the public. Id. (emphasis added). Personal data identifiers are sensitive personal information such as Social Security numbers, dates of birth, and the full names of minor children that must be redacted from electronic filings with the Court.

4

See Fed. R. Civ. P. 5.2(a); L. Civ. R. 5.2.[3]  No motion to seal personal identifiers is required.

Adhering to the theme of protecting personal identifiers, the Transcript Policy provides that within the first 7 days the transcript is available, a party must inform the Court that it intends to redact personal identifiers from a transcript, and the Transcript Policy provides instruction on how to accomplish this task.  However, in addition to the redaction of personal identifiers, the Policy contains the following provision:

> **Requests for Additional Redactions:**
> If a party requests further redactions, in addition to the personal identifiers listed above, the party must move the Court by filing a separate Motion for Redaction of Electronic Transcript. Until the Court has ruled on any such motion, the transcript will not be available by remote electronic access, even if the 90-day restriction period has ended.

Plaintiffs apparently attempt to use the above cited section of the Transcript Policy to seal portions of the transcript of the March 10, 2010 open court proceeding, despite the fact that the proceeding itself was open to the public, and that the portions of the transcript sought to be sealed do not implicate personal identifiers.

C. **Application**

1. **Plaintiffs' Arguments**

Plaintiffs contend, in conclusory fashion, that public disclosure of certain information discussed during the March 10th hearing should now, after the fact, be sealed because this case involves "confidential information that the parties have a legitimate interest in protecting as confidential because it alleges that its competitors could utilize the information," and because

---

[3] *See also* D.N.J. Electronic Case Filing Policies and Procedures http://www.njd.uscourts.gov/cm-ecf/FinalPoliciesProcedures2008.pdf (as amended September 1, 2008).

"alleged valuable information would be lost where business competitors would gain an unfair advantage over the parties if these competitors were to gain access to the information . . . ." (Declaration of Sheila F. McShane, Esq., in Support of Motion For Redaction of an Electronic Transcript at ¶¶ 6-7.) Plaintiffs' motion seeks to redact over 250 lines from the transcript. No brief is provided in support of the motion, and no specific argument with respect to individual portions of the transcript is made.

### 2.      Sealing the Transcript of a Proceeding Held in Open Court

There is a presumption that judicial proceedings are public. See L. Civ. R. 5.3(a)(4); accord Estes v. Texas, 381 U.S. 532, 541-42 (1965) ("'It is true that the public has the right to be informed as to what occurs in its courts, . . . reporters of all media, including television, are always present if they wish to be and are plainly free to report whatever occurs in open court . . . ."); Publicker, 733 F.2d at 1069 ("It is desirable that the trial of [civil] causes should take place under the public eye . . . not because the controversies of one citizen with another are of public concern, but because it is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed." (quotation omitted)); Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L. Rev. 427 (1991). In order to overcome that presumption, a party seeking closure must meet the requirements of Rule 5.3(c). See L. Civ. R. 5.3(c)(2).

Here, there was no attempt to meet the requirements of Rule 5.3 at the time the hearing was held; there was no request to close the courtroom; no reference to sealing the record; and no indication that the parties wished certain information to remain confidential. It is only now, after

6

the hearing was held in open court and the record transcribed, that the issue of "sealing" has been raised. This Court has found scant authority addressing this circumstance. This raises the question of whether the Electronic Transcript Policy was intended to permit after-the-fact redaction of public proceedings on this scale.

Pending further direction, this Court finds that the onus is on the parties to request sealing of the courtroom *prior* to a hearing that will involve the discussion of allegedly confidential information and to satisfy the requirements of Rule 5.3 at that time. It does not seem appropriate for the parties to engage in an open discussion on the record, without asking the Court to restrict public access, then follow the open discussion with an *ex post facto* application to seal the record.

Furthermore, the postliminary attempt to use the Transcript Policy to seal large portions of the transcript of an open proceeding does not seem to be contemplated by the Policy --- a policy primarily, if not exclusively, concerned with the protection of personal identifiers. One can envision a situation where a participant in a court proceeding unexpectedly blurts out a highly secret formula or something akin to a secret jeopardizing one's security or safety. In such circumstances, a motion to redact the transcript is befitting and desirable, given the nearly instantaneous and universal dissemination of such information upon its placement on the electronic docket. However, seeking to redact countless pages of, at most, borderline confidential material does not seem to be what was intended. It also seems to subvert the purpose of Rule 5.3.

In other words, there should be no backdoor attempt to "seal the courtroom." Once a hearing is conducted in open court, information placed on the record is just that: information that is *on the record*. Cf. Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("Once the cat is out of the bag, the ball game is over." (quoting Calabrian Co. v. Bangkok Bank, Ltd., 55 F.R.D.

7

82 (S.D.N.Y. 1972)).  Ex-post facto sealing should not generally be permitted.  See id. at 144 ("But however confidential it may have been beforehand, subsequent to publication it was confidential no longer. . . . We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again."); see also Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 659 (3d Cir. 1991).  The information discussed at the March 10th hearing became public when it was discussed on the record in open court.

Since the parties were not aware of the Court's position on this subject when the motion was filed, the Court will deny the motion without prejudice to Plaintiffs' right to make an application in accordance with this Opinion.  The transcript will remain confidential for 20 days, or if a new motion to seal is made, it will remain sealed until the motion is decided.

### 3. This Court's Policy on Sealing Judicial Proceedings in the Future

In the future in this case (and all future cases before the Undersigned Magistrate Judge), the parties should be prepared to move to seal proceedings at their outset, not attempt to redact the transcript after the proceeding has concluded.  In the alternative, counsel may wish to consider tailoring their arguments before this Court to avoid the public disclosure of allegedly confidential information.  Of course, should the parties feel that disclosure of non-public, trade secret information cannot be avoided, they should raise the need for closure when it arises, not after disclosure has occurred.  In all future appearances before this Court, counsel should be aware that statements in open court will be part of the record and will not be sealed after the fact absent extraordinary circumstances.  See Gambale, 377 F.3d at 144; see also Bank of Am. Trust & Sav. Ass'n v. Hotel Rittenhouse Assoc., 800 F.2d 339, 345 (3d Cir. 1986).

D.   **Additional Conclusions**

There are also more mundane substantive problems with the application. As appears, unscientifically, to be a trend in many ANDA patent cases, the requests to seal (more than 250 lines of transcript) are overbroad and only supported by general allegations of harm. For example, in this case, Plaintiffs seek to redact and seal some of the following statements made on the record:

- [*Plaintiffs' Counsel*]: "[T]here are a number of paper archives. There's one in Michigan. There's one in the UK. There are massive archives. Anything that's in paper that relates to a certain product is stored there." (Transcript of March 10, 2010 hearing before Magistrate Judge Mark Falk ("Tr.") at 37:1-4.)

- [*Plaintiffs' Counsel*]: "But they drop them all into a great big repository somewhere, and they create an index for them. And the index is, in fact, electronic. And so what they say is we searched the index for our paper documents, and whatever we find is in that index, we pull and we give to you." (Tr. at 53:6-11.)

- [*Plaintiffs' Counsel*]: "We found it in the same repository, but the problem was it wasn't indexed in a way such that our search - - -"
  [*The Court*]: "What was it indexed under?"
  (Tr. at 63:17-20.)

None of the above cited references qualify as the type of information that is sealed in this district — *e.g.*, trade secrets, confidential research, development or commercial information, the disclosure of which could result in specific harm to the proponent's standing in its marketplace. See, e.g., Mars v. JCM Am. Corp., No. 05-3165, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) (sealing confidential agreements referring to sale and transfer of patents in suit); *contra* Opperman v. Allstate New Jersey Ins. Co., No. 07-1887, 2009 WL 3818063, at **8-9 (D.N.J. Nov. 13, 2009) (denying motion to seal allegedly confidential business information). The location of non-privileged documents and the size and locations of document warehouses are not the type of information that

could plausibly result in competitive disadvantage were it publicly disclosed. Good cause for sealing exists only when a party shows that disclosure will result in "a clearly defined and serious injury . . . ." Pansy, 23 F.3d at 778. Plaintiffs' motion is not supported by a brief or particularized argument, and it is unexplained how the disclosure of this type of information could result in a specific and serious injury. As a result, even if widespread after-the-fact sealing were permitted, Plaintiffs fail to carry their heavy burden to show that sealing is warranted.

It should be noted that the Court intends no criticism of movant, whose efforts to protect confidential information in a high-stakes patent case is understandable. This is especially so when the effects of posting documents on electronic dockets exponentially expands their potential publication. Rather, the Court intends to set reasonable guidelines for parties struggling with the confluence of Local Rule 5.3, the common law, and the electronic redaction policy. Therefore, the parties should be advised that all requests to seal in the future shall adhere to the following format:

1. The submission shall state whether or not there is any opposition to the request to seal the specific documents. If opposition exits, the parties shall identify the document(s) that they oppose sealing and the reason(s) for the opposition.

2. The submission shall include both the pages and lines of the document(s) the movant seeks to have sealed and a proposed redacted version;[4]

3. For each and every line of a document the parties seek to have sealed, the parties shall create a chart identifying the document and explaining: (a) the legitimate private

---

[4] The Court reminds the parties that the sealing of documents shall be effectuated in the least restrictive means available. See L. Civ. R. 5.3(c)(2). To that end, absent extraordinary circumstances, it is unlikely the Court will seal deposition transcripts or lengthy documents in their entirety. Accordingly, the parties shall identify only the portions of such documents for which they contend sealing is warranted.

    or public interests which warrant the relief sought; (b) the clearly defined and serious injury that would result if the relief sought is not granted; (c) why a less restrictive alternative to the relief sought is not available, <u>see</u> L. Civ. R. 5.3(c)(2); and (d) the position of the adverse party concerning the request to seal, and the reason why the request to seal is opposed.

4. Submit a proposed form of order that lists with specificity each entry for which sealing is sought. For example, Brief at Page XX, second paragraph, line Y, beginning with the word "AAA" to the word "ZZZ."

5. Certify that the information sought to be sealed is not contained in a publicly available document or discussed on the record in open court during any hearing or other proceeding. [5]

---

[5] Thanks are extended to the Honorable Patty Shwartz, U.S.M.J. for devising this standard and allowing the Undersigned to borrow it.

## CONCLUSION

For all of the above stated reasons, Plaintiffs' Motion of Intent to Request a Redaction of a Transcript [08-1331, CM/ECF No. 82; 08-2137, CM/ECF No. 47] is **denied without prejudice**. A separate Order accompanies this Opinion.

**SO ORDERED.**

s/Mark Falk<br>
**MARK FALK**<br>
**United States Magistrate Judge**

Dated: July 7, 2010

cc: Clerk of the Court
    Hon. Dennis M. Cavanaugh, U.S.D.J.
    All Parties (via ECF)