UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PFIZER INC.,                              )
PHARMACIA & UPJOHN COMPANY, and  )
PFIZER HEALTH AB,                         )
                                          )
          Plaintiffs,                     )
                                          )
     v.                                   )
                                          )
TEVA PHARMACEUTICALS USA, INC.,           )
                                          )
          Defendant.                      )
_____)  Civil Action No. 08-CV-1331 (DMC)(MF)
                                          )  Civil Action No. 08-CV-2137 (DMC)(MF)
PFIZER INC.,                              )
PHARMACIA & UPJOHN COMPANY, and  )
PFIZER HEALTH AB,                         )
                                          )
          Plaintiffs,                     )
                                          )
     v.                                   )
                                          )
IMPAX LABORATORIES, INC.,                 )
                                          )
          Defendant.                      )
_____)

### FINAL JUDGMENT ORDER

This matter having come before the Court upon the Complaint of Plaintiffs Pfizer Inc., Pharmacia & Upjohn Company, and Pfizer Health AB (collectively, "Pfizer") against Teva Pharmaceuticals USA, Inc. ("Teva"), Civil Action No. 08-1331 (DMC)(MF), and the Complaints of Plaintiff Pfizer against Impax Laboratories, Inc. ("Impax"), Civil Action Nos. 08-2137 (DMC)(MF) and 08-4356 (DMC)(MF) alleging infringement of claims 4 and 6 of United States Patent No. 5,382,600 (the "'600 patent"); and Civil Action No. 08-4356 (DMC)(MF) having been consolidated into Civil Action No. 08-2137 (DMC)(MF); and Teva and Impax having

agreed and stipulated to be bound, individually and collectively, in all respects, by the Court's decision in Pfizer Inc. et al. v. Ivax Pharms., Inc. et al, Civil Action No. 07-0174 (DMC)(MF) with regard to the validity and enforceability of the '600 patent; and a Stipulated Order being entered by this Court in Civil Action Nos. 08-1331 (DMC)(MF) and 08-2137 (DMC)(MF) on December 23, 2009; and this Court having entered a Final Judgment Order on February 16, 2010 in Civil Action No. 07-0174 (DMC)(MF) against Ivax Pharmaceuticals, Inc. ("Ivax") and Teva on all of Pfizer's claims against Ivax and Teva for acts of infringement of claims 4 and 6 of the '600 patent under 35 U.S.C. § 271, and for Pfizer and against Ivax and Teva on all Counterclaims alleging noninfringement and invalidity of claims 4 and 6, or unenforceability of the '600 patent; and Teva and Impax having stipulated in these actions that, except for conduct covered by 35 U.S.C. § 271(e)(1), the manufacture, use, sale or offer for sale in the United States, or importation of the product that is the subject of ANDA Nos. 90-235 or 79-141 would infringe claims 4 and 6 of the '600 patent; and Pfizer having stipulated that the only claims of the '600 patent that it is asserting or will assert against Teva and Impax in Civil Action Nos. 08-1331 (DMC)(MF) and 08-2137 (DMC)(MF) are claims 4 and 6; and Teva, Impax, and Pfizer having further stipulated that in the event the Final Judgment in Civil Action No. 07-0174 is vacated, modified, affirmed or reversed prior to appeal, on appeal or upon remand from appeal, Teva, Impax, and Pfizer agree that such judgment shall be applied in the same manner to this Final Judgment Order.

IT IS THIS 14 day of July, 2010,

ORDERED AND ADJUDGED that Judgment be entered in favor of Pfizer and against Defendants on Pfizer's claims against Teva and Impax for acts of infringement of claims 4 and 6 of the '600 patent under 35 U.S.C. § 271; and it is further

ORDERED AND ADJUDGED that Judgment be entered for Pfizer and against Teva and Impax on all of the Counterclaims alleging noninfringement and invalidity of claims 4 and 6, or unenforceability of the '600 patent; and it is further

ORDERED that, under 35 U.S.C. § 271(e)(4)(A), the earliest effective date of any approval of Impax's ANDA No. 90-235 be the date of the expiration of the term of the '600 patent (namely, the expiration of the '600 patent and its patent term extension of March 25, 2012), or, to the extent the FDA determines that the pediatric exclusivity is applicable, the date that an additional six months of pediatric exclusivity ends, on September 25, 2012; and it is further,

ORDERED that, under 35 U.S.C. § 271(e)(4)(A), the earliest effective date of any approval of Teva's ANDA No. 79-141 be the date of the expiration of the term of the '600 patent (namely, the expiration of the '600 patent and its patent term extension of March 25, 2012), or, to the extent the FDA determines that the pediatric exclusivity is applicable, the date that an additional six months of pediatric exclusivity ends, on September 25, 2012; and it is further,

ORDERED that pursuant to 35 U.S.C. § 271 (e)(4)(B), Teva and Impax, each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them or either of them are permanently enjoined from engaging in the manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any product comprising the chemical compound tolterodine tartrate covered by, or the use of which is covered by the '600 patent for the term of the patent, except as otherwise provided in 35 U.S.C § 271 (e)(1); and it is further

ORDERED that in the event the final judgment in Civil Action No. 07-0174 is vacated, modified, affirmed or reversed prior to appeal, on appeal or upon remand from appeal, that judgment shall be applied in the same manner to this case.

IT IS HEREBY SO ORDERED.

Dated: July 14, 2010

_____
Dennis M. Cavanaugh, U.S.D.J.